**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO JIMENEZ-VILLANUEVA, | No. 20-73234 |
| Petitioner, | Agency No. A213-078-421 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2023**
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Antonio Jimenez-Villanueva, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the

Immigration Judge's (IJ) denial of his application for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). We dismiss

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the petition as to asylum for lack of jurisdiction, and we deny the petition as to withholding of removal and CAT relief.

1. We lack jurisdiction to review Jimenez-Villanueva's asylum claim. Jimenez-Villanueva argues that the BIA erred in affirming the IJ's determination that Jimenez-Villanueva had not established "extraordinary circumstances" to excuse his failure to comply with the one-year filing deadline for asylum. *See* 8 U.S.C. § 1158(a)(2)(D). We have jurisdiction to review an extraordinary circumstances determination only with regard to constitutional claims and questions of law, including mixed questions of law and fact involving the application of law to undisputed facts. *Gasparyan v. Holder*, 707 F.3d 1130, 1133– 34 (9th Cir. 2013). Here, Jimenez-Villanueva argues on appeal that his mental health diagnosis resulted in his failure to file a timely application, but he has also argued that his belated discovery of the asylum process caused his failure to file within a year of arrival. The Government continues to argue that the latter was the actual reason for Jimenez-Villanueva's delay. Because the BIA's extraordinary circumstances determination does not rest upon undisputed facts, we lack jurisdiction to review Jimenez-Villanueva's asylum claim. *Id*. (dismissing a petition challenging the BIA's extraordinary circumstances determination for lack of jurisdiction because the underlying facts were disputed).

2. Substantial evidence supports the BIA's dismissal of Jimenez-

Villanueva's appeal of the IJ's denial of withholding of removal. Although applicants for withholding of removal must meet a less demanding nexus standard than for asylum, where, as here, "the BIA adopt[s] the IJ's finding of *no* nexus" between the harm and the alleged protected ground(s), the outcome is the same for both forms of relief. *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (emphasis in original). Even if we assume that Jimenez-Villanueva's proposed social group of "youth in Mexico, ages 12 to 20, who are forced to collaborate with the drug cartels" is cognizable, Jimenez-Villanueva has long since aged out of that social group. Further, even if we assume that Jimenez-Villanueva manifested an anti-gang political opinion by refusing to join the Knights Templar, the record does not compel the conclusion that it is more likely than not that Jimenez-Villanueva would be persecuted by the Knights Templar on account of a protected ground, as Jimenez-Villanueva's own submitted evidence states that the gang no longer exists.

3. Finally, substantial evidence supports the BIA's dismissal of Jimenez-Villanueva's appeal of the IJ's denial of CAT relief. Jimenez-Villanueva argues that members of the Knights Templar tortured him, and that "[a]t this time in Mexico, one can hardly discern between the government and a criminal." The record does not compel the conclusion that Jimenez-Villanueva would more likely than not be tortured with the government's involvement or acquiescence if he returned to Mexico, especially when his own evidence states that the gang no

3

longer exists. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard.").

**DISMISSED IN PART AND DENIED IN PART.**